[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case is Building Supply Corporation (hereinafter, "BSC"), a Connecticut corporation, duly organized and engaged in the site construction business. CT Page 10983
The first defendant is Lawrence Brunoli, Inc. (hereinafter, "Brunoli"), a duly organized Connecticut corporation engaged in the general construction business.
The second defendant is Continental Insurance Company (hereinafter, "Continental"), a New Hampshire insurance company authorized to do business in this state and issue payment and performance bonds, which it did on behalf of Brunoli.
The Connecticut Department of Transportation (hereinafter, "DOT"), did on June 8, 1989, award a contract for the construction of a repair and maintenance facility in Old Saybrook, Connecticut to Brunoli. Brunoli in turn gave the contract for the site work on the project to BSC.
The trial commenced on January 5, 1992 and the evidence concluded on or about March 4, 1993. Some miscellaneous matters were handled on March 11, 1993 and April 2, 1993. The last memo was filed on October 12, 1993. In between voluminous memos, briefs and arguments were filed.
Two judges (before and after trial) tried to settle the matter, to no avail. The file was returned to this court for a decision on November 15, 1993.
Approximately 26 trial days were consumed and over 1,000 exhibits were admitted with little or no objections. There were no legal issues of any moment. The case boiled down to one of fact [and] credibility. Both counsel were seasoned trial lawyers who comported themselves with decorum and professional competence. The principals of the two corporations were intelligent and decent gentlemen who became more and more unreasonable if not obdurate as the trial progressed. This resulted in an absolute waste of judicial resources. A retrial would merely compound the waste. The mass of documentary evidence served to further obfuscate and cumulatively to impair the credibility of the witnesses.
The parties were not able to present a coherent finding of fact or proposed judgment to assist the court in evaluating this matter.
BSC feigns innocence while at every turn it subverted Brunoli's interest and relations with DOT. This only diminished BSC's credibility. CT Page 10984
Brunoli became progressively paranoid about BSC's influence on the DOT inspectors. Brunoli took the penalties imposed by the DOT to Arbitration and was totally successful.
The DOT not being a party, there is nothing this court can order regarding DOT's involvement but it does fortify this court's impression that this case would have been better handled in arbitration.
In conclusion, BSC did not prove its claim by a preponderance of credible evidence nor did the defendant Brunoli prove its counterclaim by any preponderance of credible evidence, Brunoli did have a good faith defense under the statute49-41a.
Neither side having sustained their burdens, neither side is entitled to costs, interest or fees.
Continental's obligation was to pay the contract amount which was fulfilled, so nothing more is due from it.
PHILIP R. DUNN JUDGE, SUPERIOR COURT